UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LARRY DIETZ,                          )
                                      )
                    Petitioner,       )
                                      )
        v.                            )            No. 4:24-CV-00780 RWS
                                      )
MICHELE BUCKNER,                      )
                                      )
                    Respondent.       )

## MEMORANDUM AND ORDER

This matter is before the Court upon review of self-represented petitioner Larry Dietz's application for habeas corpus brought pursuant to 28 U.S.C. § 2254. As explained below, the Court finds the petition is an unauthorized successive petition and will therefore deny and dismiss it.

### Background

Petitioner is incarcerated at South Central Correctional Center (SCCC) pursuant to the judgment of conviction entered in the matter *State v. Dietz,* No. 09SL-CR03464-01 (21st Jud. Cir. St. Louis County Court). In that case, a jury convicted petitioner of forcible sodomy, and on May 19, 2011, the Missouri state court sentenced him to serve 30 years in prison. *Id.*

On or about March 2, 2015, petitioner filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court to challenge that same judgment of conviction. *See Dietz v. Russell,* No. 4:15-CV-00392 SPM (E.D. Mo. 2018) (hereinafter referred to as "*Dietz I*"). On January 5, 2018, the Court denied the petition on its merits. *Id.* Petitioner did not appeal.

Petitioner filed the instant petition on or about June 3, 2024. He asserts claims of trial court error in *State v. Dietz.* He also avers he sought relief in the Circuit Court of Texas County, the Missouri Court of Appeals and the Missouri Supreme Court after the judgment entered against

him in *Dietz I. See, e.g., Dietz v. Norman,* No. 19TE-CC00169 (25th Jud. Cir., Texas County Court) (petitioner's application for writ of habeas corpus denied on May 16, 2019); *Dietz v. Norman*, No. SD36192 (Mo. Ct. App. 2019) (petitioner's application for writ of habeas corpus denied on August 16, 2019); *Dietz v. Norman*, No. SD36614 (Mo. Ct. App. 2020) (petitioner's application for writ of habeas corpus denied on April 29, 2020); *Dietz v. Norman*, No. SD38245 (Mo. Ct. App. 2023) (petitioner's application for writ of habeas corpus denied on October 5, 2023); *Dietz v. Norman*, No. SD38134 (Mo. Ct. App. 2023) (petitioner's application for writ of habeas corpus still pending); *Dietz v. Buckner*, No. SC98748 (2023) (petitioner's application for writ of habeas corpus denied on November 3, 2020);  *Dietz v. Buckner*, No. SC100507 (2024) (petitioner's application for writ of habeas corpus denied on April 2, 2024).

Petitioner states that the instant petition is timely because he is in possession of newly discovered evidence. However, petitioner's arguments in the instant petition mirror the arguments he made in *Dietz I.*

### Discussion

Petitioner asserts federal bases for relief from the judgment of conviction in *State v. Dietz,* the same judgment of conviction he challenged in *Dietz I.* As noted above, petitioner's arguments mirror those made in his prior petition in this Court.

*Dietz I* was an adjudication on the merits that renders future petitions under § 2254 challenging the same judgment "second or successive" petitions under 28 U.S.C. § 2244. The Court finds the instant petition is a second or successive petition.

The Antiterrorism and Effective Death Penalty Act of 1996 imposes a "stringent set of procedures" that a state prisoner "must follow if he wishes to file a second or successive habeas corpus application challenging that custody." *Burton v. Stewart*, 549 U.S. 147, 152 (2007). For

claims in a successive application that were not presented in a prior application, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (stating that authorization by the Eighth Circuit Court of Appeals is a "prerequisite under 28 U.S.C. § 2244(b)(3)…to the filing of a second or successive habeas petition"). A claim presented in a "successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1).

To the extent petitioner seeks to relitigate claims he brought in *Dietz I,* those claims must be dismissed pursuant to 28 U.S.C. § 2244(b)(1). To the extent petitioner seeks to bring new claims for habeas relief, he must first obtain leave from the United States Court of Appeals for the Eighth Circuit before bringing those claims in this Court. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner does not aver, nor does it appear, that the United States Court of Appeals for the Eighth Circuit has granted him leave to file a successive habeas petition. As a result, the petition must be denied and dismissed as successive.

The Court has considered whether to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from…the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court"). To do so, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has made no such showing, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is **DENIED AND DISMISSED AS SUCCESSIVE**. *See* 28 U.S.C. § 2244(b). A separate Order of Dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability.

Dated this 5th day of June, 2024.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE